IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE HOLBROOK, et al. ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> CITY OF PITTSBURGH, et al. ) <br> ) <br> **Defendants.** ) | Civil No. 18-539 <br> Judge Marilyn J. Horan/ <br> Magistrate Judge Patricia l. Dodge |

**OPINION and ORDER**

This case was originally referred to United States Magistrate Judge Robert Mitchell for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges.[1] On February 11, 2019, the Magistrate Judge issued a Report and Recommendation, ECF No. 184, recommending granting in part and denying in part, ten motions to dismiss filed by Defendants. The parties were informed that written objections to the Report and Recommendation were due by February 25, 2019. Some of the Defendants file timely written objections, and Plaintiffs filed responses to the objections. For the reasons that follow, after *de novo* review, the Court will accept the Report and Recommendation in part, reject it in part, and return the matter to the Magistrate Judge with instructions.[2]

---

[1] Magistrate Judge Robert Mitchell retired on May 31, 2019, and this matter was reassigned to Magistrate Judge Patricia L. Dodge on June 7, 2019. ECF No. 201.

[2] Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

1

## I. BACKGROUND

Plaintiffs Kyle Holbrook, K H Design LLC, and MLK Mural filed an Amended Complaint, ECF No. 4, asserting three claims: Count I: violation of the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A ("VARA"); Count II: Breach of Contract; and Count III: Property Damage. Named as Defendants are the City of Pittsburgh; Norfolk Southern Railway, Inc.; Port Authority of Allegheny County; Borough of Wilkinsburg; The Mosites Company and The Mosites Company, Inc. ( "Mosites Defendants"); East Liberty Development, Inc. and East Liberty Development Fund ( "East Liberty Defendants"); Walnut Capital Development, Inc.; McCormack Baron Salazar, Inc. and McCormack Baron Management, Inc. (the "McCormack Baron Defendants"); Urban Redevelopment Authority of Pittsburgh; Sto-Rox Family Health Center and Sto-Rox Neighborhood Health Council, Inc. ( "Sto-Rox Defendants"); Mukhless Mustafa; Allegheny County; Mistick Construction, Mistick Construction Co., and Mistick Construction Holding Co. ("Mistick Defendants"); and Keith B. Key Enterprises, LLC.; and KBK Enterprises, LLC.[3]

Defendant Mukhless Mustafa filed an Answer to the Amended Complaint. ECF No. 136. The East Liberty Defendants and Walnut Capital Development, Inc. have not filed a response to the Amended Complaint, which was due, respectively, on June 17, 2018, and August 20, 2018. Defendant Urban Redevelopment has not been served. As explained below, Defendant KBK

---

[3] Plaintiffs' Amended Complaint originally named forty-three defendants. Defendant Keith B. Key Enterprises, LLC was named in a separate suit filed at Civil No. 18-1111, which was consolidated with the instant action on September 13, 2018. ECF No. 6, at Civil Action No. 18-1111. Of these original forty-four named Defendants, Plaintiffs either voluntarily dismissed, or the Court granted Plaintiffs' Motion to Dismiss, twenty-three of the Defendants. See ECF Nos. 146, 164, 173.

2

Enterprises, LLC was never properly served and will be dismissed. The remaining fifteen Defendants filed the following ten Motions to Dismiss:

| Defendant | Motion to Dismiss |
|---|---|
| CITY OF PITTSBURGH | ECF NO. 151 |
| NORFOLK SOUTHERN RAILWAY, INC. | ECF NO. 14 |
| PORT AUTHORITY OF ALLEGHENY COUNTY | ECF NO. 51 |
| BOROUGH OF WILKINSBURG | ECF NO. 178 |
| THE MOSITES DEFENDANTS | ECF NO. 175 |
| MCCORMACK BARON DEFENDANTS | ECF NO. 158 |
| STO-ROX DEFENDANTS | ECF NO. 139 |
| ALLEGHENY COUNTY | ECF NO. 75 |
| MISTICK DEFENDANTS | ECF NO. 107 |
| KEITH B. KEY ENTERPRISES, LLC | ECF NO. 133 |

In the February 11, 2019 Report and Recommendation, the Magistrate Judge recommended granting in part and denying in part, the ten motions to dismiss. As to Count I, he recommended that the motions be granted because the Corporate Plaintiffs are unable to state a VARA claim, and that the motions be denied as to the individual Plaintiff Holbrook. As to Count II, the Plaintiffs withdrew their Breach of Contract claim against the City of Pittsburgh, and as regards all other Defendants the Magistrate Judge recommended denying their respective motions. As to Plaintiffs' claim of Property Damage asserted in Count III, the Magistrate Judge recommended granting the motions, and dismissing the claim without leave to amend. Finally, as regards Keith B. Key, LLC's motion to dismiss because of improper service, the Magistrate Judge recommended denying said motion.

## II. DISCUSSION

In response to the Report and Recommendations, seven separate written Objections were filed by twelve Defendants.[4] The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Objections to the Magistrate Judge's Report and Recommendation have been made as to: (a) service of process on Defendant KBK Enterprises, LLC; (b) the denial of Defendants' motions to dismiss Plaintiff Holbrook's VARA claim; and (c) the denial of Defendants' motions to dismiss Plaintiffs' Breach of Contract claim.

### A. Service of Process on KBK Enterprises, LLC

Plaintiffs named KBK Enterprises, LLC as a Defendant in their initial and Amended Complaint. ECF Nos. 1 & 4. Plaintiffs identified Defendant KBK Enterprises, LLC as "a limited liability company with an office and principal place of business operation at Spring Brook Road, P.O. Box 141, Analomink, Pennsylvania 18320." ECF No. 4, ¶ 39.[5] Plaintiffs filed a proof of service indicating that KBK Enterprises, LLC was served by certified mail, which was signed for at the above address on July 2, 2018. ECF No. 61. Federal Rule of Civil Procedure 4(h) indicates that service upon a corporation must be effected by personal service or in the

---

[4] Objections were not filed by Port Authority of Allegheny County, the Borough of Wilkinsburg, and Allegheny County.

[5] In the Complaint filed at Civil No. 18-1111, Plaintiffs identified Defendant Keith B. Key Enterprises, LLC as "an Ohio limited liability company with an office and principal place of operation at 4249 Easton Way, Suite 220, Columbus, Ohio 43219, and actively doing business in the State of Pennsylvania at 1300 Brighton Road, Suite 1, Pittsburgh, Pennsylvania 15233." ECF No. 1, ¶ 10, at Civil No. 18-1111.

4

manner prescribed by Rule 4(e)(1) for serving an individual, which permits a plaintiff to serve a summons following state law. Service by mail to a corporation is not authorized by the Federal Rules of Civil Procedure or by Pennsylvania Rule of Civil Procedure 402.1. As service of process by certified mail is not proper, Plaintiffs have failed to properly effect service upon KBK Enterprises, LLC in the time frame permitted by Rule of Civil Procedure 4(m).

Plaintiffs argue that KBK Enterprises, LLC has failed to actually move the court to dismiss for improper service, noting that the argument was raised by Keith B. Key Enterprises, LLC,[6] not KBK Enterprises, LLC, and as such the Magistrate Judge never ruled on service as to KBK Enterprises, LLC. Plaintiffs are correct insofar as KBK Enterprises, LLC has not waived service, has not entered an appearance, and has not filed any pleading in this action. However, pursuant to Rule 4(m), when service has not been timely made on a defendant, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. Proc. 4(m). The Court will order that Plaintiffs properly serve KBK Enterprises, LLC by October 18, 2019.

B.  **VARA Claim**

"The Visual Artists Rights Act ('VARA') was enacted in 1990 as an amendment to the Copyright Act, to provide for the protection of the 'moral rights' of certain artists." *Hunter v.*

---

[6] Defendant Keith B. Key Enterprises, LLC raised the improper service argument as to KBK Enterprises, LLC in its Motion to Dismiss, but there appears to have been some confusion in the Report and Recommendation in discerning the two similarly named Defendants, as the Magistrate Judge's Report only dealt with service upon Keith B. Key Enterprises, LLC, and said Defendant concedes it did waive service.

5

*Squirrel Hill Assocs., L.P.*, 413 F. Supp. 2d 517, 519 (E.D. Pa. 2005) (citing *Pollara v. Seymour*, 344 F.3d 265, 269 (2d Cir. 2003). Relevant to the present action is VARA's provision that

> (a) . . . . the author of a work of visual art--
>
> . . .
>
> > (3) . . . shall have the right--
> >
> > > (A) to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right, and
> > >
> > > (B) to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right.

17 U.S.C. § 106A(a)(3). Plaintiff Kyle Holbrook alleges that he was engaged through the Hill House agency of the City of Pittsburgh to use grant funds to install murals in various locations. He alleges that he installed several works of visual art as part of eight projects, and that Defendants violated section 106A(a)(3)(A) & (B) of VARA by destroying, distorting, mutilating, defacing, covering over, or modifying the art work. The works of visual art were in the form of murals installed in the following eight locations, and the corresponding Defendants are alleged to have violated VARA as to the works of art at that project.

| Work of Art | Alleged Defendants |
|---|---|
| The Whitney Tunnel Project | Port Authority of Allegheny County, Norfolk Southern Railway, Inc, Borough of Wilkinsburg, and Allegheny County |
| The Ellsworth Avenue Project | Port Authority of Allegheny County, Norfolk Southern Railway, Inc, the Mosites Defendants, City of Pittsburgh, Urban Redevelopment Authority of Pittsburgh, and Allegheny County |
| The Penn Avenue Project | Port Authority of Allegheny County, Norfolk Southern Railway, Inc, the Mosites Defendants, Urban |

|                                           | Redevelopment Authority of Pittsburgh, and Allegheny County |
|-------------------------------------------|-----------------------------------------------------------|
| The PNC Bank Project                      | East Liberty Defendants, Walnut Capital Development, Inc., and the City of Pittsburgh |
| The Auburn Street Project                 | City of Pittsburgh, Urban Redevelopment Authority of Pittsburgh, Keith B. Key Enterprises, LLC, and the Mistick Defendants |
| The Omega Place Project                   | McCormack Baron Defendants, City of Pittsburgh, Urban Redevelopment Authority of Pittsburgh, and the Mistick Defendants |
| The Sto-Rox Project                       | Sto-Rox Defendants and Allegheny County |
| The Hanini Market and Hanini Subs Project | Mukhless Mustafa |

All Defendants, except for Norfolk Southern Railway, Inc., argued in their Motions to Dismiss that Plaintiffs failed to state a VARA claim upon which relief can be granted. Objections to the Magistrate Judge's Recommendation as to the VARA claims were filed by the City of Pittsburgh, the Mosites Defendants, the Sto-Rox Defendants, the McCormack Baron Defendants, the Mistick Defendants, and Keith B. Key Enterprises, LLC. The Court has reviewed Defendants' Objections and concludes that the recommendation to deny the Motion to Dismiss as to Plaintiff Holbrook's VARA claims is sound.

Defendants object that Plaintiff has failed to plead sufficient facts to support that the works of art are within the narrow class of art to be protected by VARA, or that the works of art were of the requisite recognized stature. In addition, an objection has been made that Plaintiff has failed to plead, as to each work of art, whether it was destroyed under subsection (B), or whether it was distorted, mutilated, or modified under subsection (A).

Whether a work of art is of sufficient "recognized stature" so as to fit within the narrow class of art to be protected by VARA is a "finding [that] generally depends upon the testimony of experts." *Hunter v. Squirrel Hill Assocs., L.P.*, 413 F. Supp. 2d 517, 520 (E.D. Pa. 2005). As such, it is premature to require a plaintiff to do more than plead that his works of art are of recognized stature.

A plaintiff is entitled to plead in the alternative, as Plaintiff has done here, alleging violations of both subsection (A) and (B). The United States Court of Appeals for the Third Circuit Court has repeatedly instructed that the standard of review at the motion to dismiss stage requires that "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017), *as amended* (Aug. 22, 2017) (quoting *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). Plaintiff Holbrook has provided "enough facts to raise a reasonable expectation that discovery will reveal evidence" of whether a work of art was destroyed, or whether it was distorted, mutilated, or modified. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). In addition, Plaintiff Holbrook's VARA allegations are sufficient to put Defendants on notice that they are alleged to have violated VARA as to the specific works of art cited in the Amended Complaint. Finally, whether a particular work of art has been "distorted," "mutilated," "modified," or "destroyed," is a question of fact inappropriate at the motion to dismiss stage. Accordingly, Defendants' Objections as to the VARA claim are overruled.

### C. Breach of Contract Claim

In order to sufficiently plead a claim for breach of contract under Pennsylvania law, a plaintiff must allege facts showing "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Haywood v. Univ. of Pittsburgh*, 976 F. Supp. 2d 606, 625 (W.D. Pa. 2013). To establish the first element, the existence of an enforceable contract, the plaintiff must allege that (1) "both parties manifested an intention to be bound by the agreement," (2) "the terms of the agreement are sufficiently definite," and (3) there was consideration. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002). As to the second element, the terms of the agreement "'are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.'" *Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 489 (E.D. Pa. 2018) (quoting Restatement (Second) of Contracts § 33 (1981)). Accordingly, in order to pass muster under Rule 12(b)(6), "a complaint must identify the portions of the contract that were allegedly breached." *Churchill Downs, Inc. v. NLR Entm't, LLC*, 2015 U.S. Dist. LEXIS 135334, at *9 (D.N.J. Oct. 5, 2015). However, the plaintiff does not need to state every term of the contract in complete detail; the plaintiff only needs to specifically plead each of the aforementioned elements of the claim. *Quantum Communs., Ltd. v. Eagle Forum*, 2018 U.S. Dist. LEXIS 133647, at *21 (M.D. Pa. Aug. 8, 2018).

The Magistrate Judge determined that Plaintiffs alleged that Holbrook engaged through the Hill House agency of the City of Pittsburgh to use grant funds to install the murals; that Defendants received the benefit of the artwork, and were prohibited by contract from destroying, distorting, mutilating, or modifying the artwork; and that Defendants breached this provision of

9

the contract, thereby causing Plaintiff Holbrook damages as a result of the destruction, distortion, mutilation, or modification of his artwork. Most of the Defendants pointed out that Plaintiffs were unable to show that a written contract existed, however, the Magistrate Judge concluded that discovery would reveal evidence of the existence or non-existence of a contract as to each Defendant. Thus, the Magistrate Judge found that Plaintiffs had sufficiently pleaded the elements a breach of contract claim against the Defendants.

The Court agrees with the Magistrate Judge's analysis, however, a complication in this case is that Plaintiffs refer generally to "Defendants" as having entered into written contracts with Plaintiffs without delineating any details of the separate contract as to each Defendant. Moreover, Plaintiffs have been unable to produce the written contracts, and at least some of the Defendants maintain they did not enter into such written contracts. The Magistrate Judge had previously directed Plaintiffs to provide Defendant with copies of any contracts they possessed. Plaintiffs produced contracts they possessed, but a review of the pleadings does not reveal which contracts have been produced, and which contracts Plaintiffs contend are in the possession of other parties. Because it is possible that a written contract may not exist between Plaintiffs and at least some of the Defendants, the Court will sustain Defendants' Objection as to the breach of contract claim, and grant Defendants' motions to dismiss the breach of contract claim, without prejudice. The Court will dismiss the breach of contract claim without prejudice to reassertion after a period of discovery limited solely to obtaining copies of the written contracts.

## II. CONCLUSION

The Court rejects the Report and Recommendation as to disposition of the service of process issue. The Court accepts the Report and Recommendation as to the Magistrate Judge's disposition of Count I and Count III. The Court accepts the Report and Recommendation as to the Magistrate Judge's legal analysis of Count II, as modified herein; and rejects the Recommendation to deny the motions to dismiss as to Count II.

Accordingly, the following Order is hereby entered.

## ORDER

AND NOW, this 16th day of September, 2019, it is hereby **ORDERED** that except as provided otherwise herein, the Magistrate Judge's Report and Recommendation, ECF No. 184, dated February 11, 2019, is ADOPTED as the Opinion of the Court.

### A. Service of Process

The Court finds that Plaintiffs have failed to properly effect service upon KBK Enterprises, LLC in the time frame permitted by Rule of Civil Procedure 4(m). The Court **ORDERS** Plaintiffs to properly serve KBK Enterprises, LLC no later than October 18, 2019.

### B. Defendants' Motions

**IT IS ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 14, 51, 75, 107, 133, 139, 151, 158, 175, and 178, are GRANTED in part, and DENIED in part, as follows:

#### 1. Count I - VARA Claim

Defendants' Motions to Dismiss, ECF Nos. 51, 75, 107, 133, 139, 151, 158, 175, and 178, are GRANTED as to Count I solely as to Plaintiffs KH Design LLC and Plaintiff MLK Mural. Plaintiffs KH Design LLC and Plaintiff MLK Mural's claims under Count I are

dismissed. Defendants' Motions to Dismiss, ECF Nos. 51, 75, 107, 133, 139, 151, 158, 175, and 178, are DENIED as to Count I with respect to Plaintiff Kyle Holbrook. Plaintiff Holbrook's claims under Count I remain.

### 2. Count II - Breach of Contract

Defendant City of Pittsburgh's Motion to Dismiss, ECF No. 151, is GRANTED, because Plaintiffs have withdrawn the breach of contract claim against the City of Pittsburgh. Defendants' Motions to Dismiss, ECF Nos. 14, 51, 75, 107, 133, 139, 158, 175, and 178, are GRANTED as to Count II. Count II is dismissed.

IT IS FURTHER ORDERED that Plaintiffs and Defendants are granted leave to conduct discovery to determine the existence of written contracts for the art work at issue in this case. Said discovery period shall be completed by November 20, 2019. Any amended complaint concerning Count II shall thereafter be filed on or before December 4, 2019. If Plaintiff does not file an amended complaint, the Defendants shall file their responsive pleading to Plaintiffs' Amended Complaint by December 18, 2019.

### 3. Count III- Property Damage

Defendants' Motions to Dismiss, ECF Nos. 51, 75, 107, 133, 139, 151, 158, 175, and 178, are GRANTED as to Count III. The Court finds that to permit a curative amendment of this claim would be futile. Plaintiffs' claim for Property Damage under Count III is dismissed.

**C.** This matter is returned to the Magistrate Judge for further proceedings.

_____
Marilyn J. Horan
United States District Court Judge