IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYLE HOLBROOK,                          )
                                        )
                    Plaintiff,          )
                                        )
        vs                              )        Civil Action No.  18-539
                                        )
CITY OF PITTSBURGH, et al.,             )
                                        )
                    Defendants.         )

<u>MEMORANDUM OPINION</u>

Plaintiff Kyle Holbrook brings this action under the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A (VARA) against numerous defendants, alleging that they participated in the destruction of various artwork murals that he created and installed at sites in and around the City of Pittsburgh.

Currently pending before the Court is Plaintiff's motion for leave to file a Second Amended Complaint (ECF No. 281). The current motion was necessary because the Second Amended Complaint that he previously filed (ECF No. 276) included parties and claims that were dismissed with prejudice in an Order entered by Judge Horan on September 16, 2019 (ECF No. 210). The Second Amended Complaint also included as defendants various parties that Plaintiff had voluntarily dismissed from this case. The Court struck this pleading and directed Plaintiff to submit a proposed amended complaint that conformed to the Court's prior rulings and his own prior dismissals.  (ECF No. 278).

Plaintiff's present motion to amend attaches a proposed Second Amended Complaint ("SAC"). Several defendants oppose his motion, which has been fully briefed. Each of defendants' arguments will be addressed herein.

1.  Objections of the Mosites Defendants

Defendants Mosites Company and the Mosites Company, Inc. (together, "Mosites") note that both Mosites Construction Co. and Mosites Construction Company are included as defendants in the caption of the SAC despite having been voluntarily dismissed by Plaintiff on December 6, 2018 (ECF No. 146). Moreover, an entity identified as "The Mosites Construction Holding Company," which they assert does not exist, has been named for the first time as a defendant in the caption even though there are no allegations in the SAC that relate to this party.

Plaintiff describes these issues as "scrivener's errors" and has supplied a new caption for the proposed SAC (ECF No. 297 Ex. A) that removes Mosites Construction Co., the Mosites Construction Company and the Mosites Construction Holding Company as defendants. Therefore, this issue is resolved.

2.  Objections of Jadell Minniefield

Third party defendant Jadell Minniefield Construction Services, Inc. ("Jadell Minniefield") contends that adding it as a defendant is untimely for two reasons: Plaintiff knew of its existence and alleged involvement when the Third Party Complaint was filed on January 27, 2020; and the three-year statute of limitations bars Plaintiffs' claims because the destruction of the Auburn Street Project took place in the summer of 2015 and the destruction of the Omega Place Project took place in the summer of 2016.[1]

The resolution of this issue is governed by Rule 15 of the Federal Rules of Civil Procedure. As stated by the Third Circuit Court of Appeals:

---

[1] In addition, Jadell Minniefield contends that adding it is futile because—as it argues in its pending motion to dismiss the Third Party Complaint (ECF No. 266)—VARA applies to building owners, not contractors. The Court need not reach this argument because, as discussed herein, Plaintiff's claim against Jadell Minniefield is barred by the statute of limitations.

> Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading. *See, e.g., Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir.2004), *cert. denied*, 544 U.S. 1018, 125 S.Ct. 1976, 161 L.Ed.2d 856 (2005). Subsection (a) allows a party to amend a complaint upon leave of court and states that leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Subsection (c) provides that an amendment arising out of the same conduct as that alleged in the original complaint will normally "relate back" to the complaint for statute of limitations purposes. *Id.* 15(c). Combined, these provisions ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

*Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). The Court of Appeals has held that "a court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it," such as by "narrow[ing] the scope of the amendment if it considers the request too broad." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (citations omitted).

The standard under Rule 15(a) that amendment should be freely given when justice so requires "encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party." *Arthur,* 434 F.3d at 203. A court can deny amendment where there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment[.]" *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). When considering whether an amendment would be futile, the Court of Appeals for the Third Circuit applies the same legal standard as for Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

It is uncontroverted that the claims at issue arose in 2015 and 2016, and both are governed by VARA's three-year statute of limitations. 17 U.S.C. § 507(b). *See Hunter v. Squirrel Hill*

*Assocs., L.P.*, 413 F. Supp. 2d 517, 521 (E.D. Pa. 2005). Jadell Minniefield argues that the proposed amendment would be futile because the statute of limitations bars Plaintiff's claims against it. Thus, Plaintiff's claims against Jadell Minniefield would be time-barred unless they relate back to the filing of the original complaint in 2018.

Plaintiff asserts that the SAC relates back to the date of the original Complaint and therefore, it may pursue his claims against Jadell Minniefield. "If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time." *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003) (citing *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001)). As stated by the Court of Appeals in *Glover v, F.D.I.C.,* 698 F.3d 139 (3d Cir. 2012):

> Relation back is structured "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.,* ___ U.S. ___, 130 S.Ct. 2485, 2494,177 L.Ed.2d 48 (2010). Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality. *See id.* At the same time, Rule 15(c) endeavors to preserve the important policies served by the statute of limitations — most notably, protection against the prejudice of having to defend against a stale claim, as well as society's general interest in security and stability — by requiring "that the already commenced action sufficiently embraces the amended claims." *Nelson v. Cnty. of Allegheny,* 60 F.3d 1010, 1014-15 (3d Cir. 1995).

*Id.* at 145.

Under Federal Rule of Civil Procedure 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom

> a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1).

In this case, Plaintiff seeks to add Jadell Minniefield as a party defendant. In order to add or substitute a new party, Rule 15(c)(1)(C) requires a plaintiff to:

> establish that the amended pleading relates to the same conduct or transaction or occurrence set forth in the original complaint; that within the 120-day time period prescribed by Rule 4(m), the proposed new defendant had notice of the action; and that the proposed new defendant knew or should have known that but for a mistake of identity, he or she would have been named in the initial complaint.

*Muhammed v. Pawlowski*, 2012 WL 748411, at *2 (E.D. Pa. Mar. 7, 2012).[2] The plaintiff bears the burden of proof as to all three requirements of Rule 15(c). *Id.* n.3 (citation omitted).

The proposed amendment as to Jadell Minniefield relates to the same occurrences set forth in the original complaint. Therefore, it must next be determined if it had notice of the original action within 90 days of the filing of the Complaint on April 27, 2018. Plaintiff has not presented any evidence that Jadell Minniefield had actual notice of this action before it was joined as a third party defendant in January 2020. Notice also can be imputed to a party either under the shared attorney or identity of interest methods. *Singletary v. Penn. D.O.C.*, 266 F.3d 186, 196 (3d Cir. 2001). The shared attorney concept does not apply here as Jadell Minniefield is not represented by counsel for any of the other defendants. Under the identity of interest method, notice is imputed to parties that "are so closely related in their business operations or other activities that the institution

---

[2] Rule 4(m) was amended on December 1, 2015 to reduce the time allowed for service from 120 days to 90 days.

of an action against one serves to provide notice of the litigation to the other." *Id.* at 197 (quoting 6A Charles A. Wright, *Federal Practice and Procedure* § 1499, at 146 (2d ed. 1990)).

According to the allegations of the SAC, Jadell Minniefield was a subcontractor for defendant Mistick Construction Company ("Mistick") and performed the removal of building or structures where the works of visual art were located. There are no allegations that these parties are so closely related in their business activities that notice to one serves to provide notice to the other. Rather, they were separate entities who entered into a contract pursuant to which Jadell Minniefield agreed to perform certain demolition work. Therefore, notice cannot be imputed to Jadell Minniefield based upon Plaintiff's claims against Mistick that were asserted in 2018.

As Plaintiff has failed to meet his burden as to one of the three requisite elements under Rule 15(c)(1)(C), he has not demonstrated that an amendment to the Complaint adding Jadell Minniefield as a defendant relates back to the filing date of the original Complaint. Therefore, his motion to amend as to Jadell Minniefield will be denied.

### 3. Objections of the McCormack Baron Defendants

McCormack Baron Salazar, Inc. and McCormack Baron Management, Inc. (the "McCormack Baron Defendants") have moved for summary judgment (ECF No. 273) with respect to Plaintiff's claim against them. In the original Complaint and the First Amended Complaint, filed in April and May 2018, respectively, Plaintiff alleged a VARA claim against the McCormack Baron Defendants only with respect to one site, the Omega Place Project.[3] However, Plaintiff's proposed SAC adds a second claim against them relating to the Auburn Street Project. The McCormack Baron Defendants contend that Plaintiff cannot add a new claim against them because

---

[3] Although the Complaint, Amended Complaint and proposed SAC include only one count related to violations of VARA, Plaintiff clearly identifies eight separate artwork projects that were destroyed, each of which in essence states a separate claim under VARA.

the Auburn Street Project was destroyed in 2015 and the three-year statute of limitations applicable to VARA bars this claim. 17 U.S.C. § 507(b). *See Hunter v. Squirrel Hill Assocs., L.P.*, 413 F. Supp. 2d 517, 521 (E.D. Pa. 2005).

Plaintiff asserts that the SAC relates back to the filing date of the original Complaint. He also argues that the McCormack Baron Defendants will not sustain any prejudice because they are already named as defendants in this action and all that he proposes to add are allegations about a second mural that they allegedly participated in destroying. He also notes that as discovery is on-going, the McCormack Baron Defendants will not sustain undue prejudice if the amendment is permitted.

"Where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed. Conversely, amendments "that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." *Glover*, 698 F.3d at 146 (citations omitted). The Court of Appeals has further indicated that:

> amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c). *See, e.g., Clipper Exxpress v. Rocky Mt. Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir.), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983). In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds. *See, e.g., Michelsen v. Penney*, 135 F.2d 409, 416-17 (2d Cir. 1943).

*Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).

In this case, while the allegations concerning the Auburn Street Project arise out of the same conduct, transaction or occurrence set out in the original Complaint, the McCormack Baron Defendants were not named as a potentially liable party for this claim in the original complaint.

7

Thus, while they were original parties to the lawsuit and were aware of the general factual circumstances, they were not alleged to have been involved in the Auburn Street Project. In the proposed SAC, Plaintiff now intends to add the McCormack Baron Defendants as parties with respect to this project. Therefore, while it could be argued that the McCormack Baron Defendants had notice of the underlying facts and legal theory about this project, they were not implicated in the original complaint. As such, the Court concludes that the additional requirements in Rule 15(c)(1)(C) are applicable to resolve whether the amendment will be allowed.

The McCormack Baron Defendants are original parties to this lawsuit and the claim regarding the Auburn Street Project was asserted in the original Complaint. Plaintiff now alleges that the McCormack Baron Defendants are among the defendants allegedly responsible for the destruction of the artwork in this project.  Clearly, the McCormack Baron Defendants were on notice of this action and will not be prejudiced in defending the merits of the amended claim, especially since discovery has yet closed. Moreover, assuming only for purposes of the present motion that the McCormack Baron Defendants were involved in the Auburn Street Project, they knew or should have known that this claim would have been brought against them but for a mistake in the identity of the allegedly responsible parties.

Therefore, because the amended claim against the McCormack Baron Defendants relates back to the original complaint, it is not time-barred, and the proposed amendment will be permitted.

The Court acknowledges that the McCormack Baron Defendants have moved for summary judgment on the ground that they had no role in the destruction of any work of art created by Plaintiff (ECF No. 273-1 ¶ 12). In a separate order, the Court will permit them to supplement their motion to address the newly asserted claim against them in the SAC.

Appropriate orders will follow.


Dated: September 9, 2020                    s/Patricia L. Dodge_____
                                            PATRICIA L. DODGE
                                            United States Magistrate Judge